# United States Court of Appeals
# for the Fifth Circuit

_____

No. 24-10472
Summary Calendar
_____

United States Court of Appeals
Fifth Circuit

**FILED**
January 8, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Julio Calleros-Corral,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:22-CR-477-1

_____

Before Haynes, Higginson, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Julio Calleros-Corral appeals his 24-month sentence for illegal reentry. He argues that his 1987 conviction should not have received criminal history points and should not have been used to enhance his sentence under U.S.S.G. § 2L1.2(b)(2)(A) because the conviction fell outside the 15-year lookback period for the counting of prior convictions under U.S.S.G.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

§ 4A1.2(e)(1). Specifically, Calleros-Corral contends that the Government did not establish that he was continuously present in the United States between his arrest in January 2000 and when he was found by immigration authorities in August 2022.

We "review the district court's interpretation and application of the Sentencing Guidelines de novo and its factual findings, including those related to the defendant's criminal history, for clear error." *United States v. Soza*, 874 F.3d 884, 896 (5th Cir. 2017) (citation omitted).

Section 2L1.2(b)(2)(A) applies a 10-level enhancement in illegal reentry cases if, "before the defendant was ordered deported or ordered removed from the United States for the first time, the defendant engaged in criminal conduct" that resulted in a conviction for a felony offense with a sentence of at least five years. § 2L1.2(b)(2)(A). The commentary explains that this enhancement only applies to convictions that receive criminal history points. U.S.S.G. § 2L1.2, comment. (n.3). Criminal history points are assigned to prior sentences of at least "one year and one month" of imprisonment if they were "imposed within fifteen years of the defendant's commencement of the instant offense." § 4A1.2(e)(1).

We have held that an illegal reentry offense commences "at the time the defendant illegally re-enters the country and does not become complete unless or until the defendant is found by [immigration authorities] in the United States." *United States v. Compian-Torres*, 712 F.3d 203, 207 (5th Cir. 2013). For an alien to be "found in" the United States for purposes of 8 U.S.C. § 1326, "(1) immigration authorities must have specifically discovered and noted the alien's physical presence, and (2) knowledge of the illegality of the alien's presence must be reasonably attributable to immigration authorities." *Id.* We have also clarified that "a § 1326 violation continues even if the defendant voluntarily leaves the country and

subsequently returns" if he did so without being found by immigration authorities. *United States v. Alvarado-Santilano*, 434 F.3d 794, 798 (5th Cir. 2005).

Here, the instant illegal reentry offense began on January 22, 2000, which is the earliest date the record establishes that Calleros-Corral was illegally present in the United States, and continued until August 26, 2022, when he was found by immigration authorities for the first time since his 2000 reentry. *See id.*; *Compian-Torres*, 712 F.3d at 207. Because the sentence for Calleros-Corral's 1987 conviction was imposed within 15 years of his commencement of the instant offense on January 22, 2000, the district court did not err in calculating his guidelines range.

AFFIRMED.